IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SOPHEA MOUTH,

                Petitioner,                      ORDER

  v.

                                                    21-cv-58-wmc

LARRY FUCHS, Warden,
Columbia Correctional Institution,

                Respondent.

      Sophea Mouth, a state prisoner currently confined at the Columbia Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He has paid the five dollar filing fee.  Presiding Judge William Conley has referred the petition to me for preliminary screening as required by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.  Under Rule 4, the court examines the petition to determine whether the petitioner has stated colorable grounds for federal relief, whether the petitioner filed his petition within the one-year limitations period, and whether he has exhausted his state court remedies with respect to his federal claims.

      The subject of the petition is Mouth's 2017 conviction in the Circuit Court for Dane County of one count of second degree intentional homicide and one count of attempted second degree homicide.  Mouth was found guilty at a jury trial based on evidence that he shot two men, one fatally, during a dispute over Mouth's occupation of property affected by foreclosure proceedings.  In his petition, Mouth asserts two grounds for federal habeas relief:  (1) the trial judge erred in refusing to instruct the jury that, in order to evict occupiers from business premises that were subject to foreclosure, a property

owner cannot rely on "self-help" but needs to rely on a writ of assistance; and (2) the trial court erred in refusing to instruct the jury that Mouth did not have a duty to retreat before shooting the two men under the "castle doctrine," codified at Wis. Stat. § 939.48(1m). Mouth asserts that he presented both of these claims on direct appeal to the Wisconsin Court of Appeals and then in a petition for review to the Wisconsin Supreme Court. *See also State v. Mouth*, 2019 WI App 39, ¶ 1, 388 Wis. 2d 257, 932 N.W.2d 188 (unpublished opinion), *rev. denied*, 2019 WI 104, ¶ 1, 389 Wis. 2d 242, 936 N.W.2d 820.

Generally, errors of state law are not cognizable on habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Thus, "[b]ecause a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Id*. (citing *McGuire*, 502 U.S. at 70–71).

However, in some limited circumstances, a state court's jury instruction error may violate a defendant's due process right to a fundamentally fair trial under the Fourteenth Amendment where the state court committed "an error so serious as to render it likely that an innocent person was convicted...." *Id*. at 510. In addition, in *Chambers v. Mississippi*, 410 U.S. 284 (1973), the Supreme Court held that state evidentiary rules must yield to the defendant's due-process right to present a defense. In support of his petition, Mouth has submitted a memorandum in which he invokes both the Fourteenth Amendment and *Chambers*. Dkt. 3. Accordingly, giving the petition a liberal construction, it draws "enough

of a connection" between his right to due process and the trial court's alleged evidentiary and instructional errors to render his claim cognizable on habeas review. *Accord Perruquet*, 390 F.3d at 512. Moreover, because Mouth presented these claims at all levels of appellate review, he has exhausted his state court remedies. Accordingly, the court will allow Mouth to proceed on these two claims.

Before ordering the State to respond to the petition, however, I note that Mouth includes a third claim in his supporting memorandum that does not appear in his petition: ineffective assistance of counsel. Specifically, Mouth asserts that his trial counsel "was ineffective for not arguing the 'Castle Doctrine' defense at the normal level of [a] competent Attorney," and he goes on to criticize the arguments offered by trial counsel in support of the Castle Doctrine defense. Dkt. 3, at 10-11. Mouth further argues that counsel was ineffective for failing to preserve the record and properly challenge the trial court's refusal to permit Mouth to introduce at trial the criminal record of the man he shot and killed. *Id*. at 11-13. So far as it appears, Mouth never presented any claim of ineffective assistance of counsel to the state courts.

The question is thus whether petitioner may still exhaust this claim by presenting the claim to the state courts. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"); *Rose v. Lundy*, 455 U.S. 509 (1982) (exhaustion requirement is not satisfied unless *all* claims in the petition have been exhausted). Wisconsin's statute governing postconviction motions, Wis. Stat. § 974.06, allows defendants collaterally to attack their convictions on

3

constitutional grounds after the time for seeking a direct appeal or other post-conviction remedy has expired.  But a petitioner is procedurally barred from raising a claim in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal.  *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4).  Ineffective assistance of post-conviction or appellate counsel may provide a sufficient reason.  *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); *State v. Knight,* 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).  Thus, there are still avenues of relief available to petitioner in the Wisconsin state courts through which he could present his claim that his trial lawyer was ineffective—assuming, of course, that he actually seeks to proceed on that claim in this court.

However, petitioner cannot pursue an ineffective assistance of trial counsel claim in the state courts without jeopardizing his ability to obtain federal review of his other claims unless this court stays the instant federal proceeding and holds it in abeyance while petitioner pursues his ineffective assistance of counsel claim in state court.  *See Rhines v. Weber,* 544 U.S. 269 (2005) (district courts can issue stays in habeas cases).  When petitioner filed his federal habeas petition on January 26, 2021, he only had 17 days remaining on his one year limitation period for seeking federal habeas review of his conviction.  *See* 28 U.S.C. § 2244(d)(1)(A)(petitioner has one year from date on which

4

state court conviction becomes final to file federal habeas petition).[1] The time during which the petition has been pending in this court does not toll the one-year statute of limitations. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). Thus, by the time petitioner receives this order, there be little, if any, time remaining on his one-year habeas clock in which to file a postconviction motion or apply for a writ of habeas corpus in the state courts. (Ordinarily, the filing of such a motion would stop the federal habeas clock, see § 2244(d)(2), but that rule does not apply when the one-year time period has already lapsed.)

In this situation, this court has discretion to "stay" the federal proceeding while the petitioner pursues his unexhausted claim in state court rather than simply dismiss the entire petition without prejudice. *Rhines*, 544 U.S. at 276. However, this procedure should be employed "only in limited circumstances" so as not to undermine AEDPA's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. *Id*. at 277. Granting a stay is not appropriate unless the district court determines there was "good cause" for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are "plainly

---

[1] The Court of Appeals for the Seventh Circuit has held that the one-year statute of limitations does not begin to run under §2244(d)(1)(A) until the expiration of the 90-day period in which the prisoner could have filed a petition for a writ of certiorari with the United States Supreme Court. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002). Petitioner had ninety days following the entry of judgment by the Supreme Court of Wisconsin, or until February 11, 2020, to file a petition for certiorari in the United States Supreme Court. Because petitioner did not file such a petition, his conviction became "final" on February 11, 2020, and his one year federal statute of limitations began to run on February 12, 2020. Petitioner placed his petition in the prison mailing system on January 26, 2021, with only 17 days remaining on his federal habeas clock. (Apparently, petitioner attempted to file a petition in November 2020, but that petition got lost in the prison's e-filing system. *See* dkt. 2.)

meritless." *Id*.

The court is not able to determine from the petition whether a stay would be appropriate in this instance, or, for that matter, whether petitioner even wants one. Accordingly, the court needs more information from petitioner before it determines whether to order the State to respond to the petition.

ORDER

Not later than March 8, 2021, petitioner should file with the court a brief statement clarifying whether he wishes to pursue a claim of ineffective assistance of trial counsel in this federal habeas proceeding. If he does, then not later than March 8, 2021 petitioner must also: (1) request that the court stay the petition; and (2) support that request with specific facts showing (A) that he has "good cause" for failing to exhaust that claim in state court, and (B) that the claim has merit. Specifically, petitioner should support his conclusory allegations of ineffective assistance of trial counsel with specific facts showing both deficient performance and prejudice as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

Entered this 9th day of February, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge