IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SOPHEA MOUTH,

|                                        |                       |                     |
|----------------------------------------|-----------------------|---------------------|
|                                        | Petitioner,           | OPINION and ORDER   |
| v.                                     |                       |                     |
|                                        |                       | 21-cv-58-wmc        |
| MICHAEL MEISNER, Warden,               |                       |                     |
| Fox Lake Correctional Institution,[1]  |                       |                     |
|                                        | Respondent.           |                     |

Petitioner Sophea Mouth, a state prisoner representing himself while confined at the Fox Lake Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2017 conviction in Dane County Case No. 2015CF2486, on one count of second-degree intentional homicide and one count of attempted second-degree homicide. This court allowed Mouth to proceed on two claims asserted in his petition: (1) the trial judge erred in refusing to instruct the jury that in order to evict occupiers from business premises that were subject to foreclosure, a property owner cannot rely on "self-help" but needs to rely on a writ of assistance; and (2) the trial court erred in refusing to instruct the jury that Mouth did not have a duty to retreat before shooting the two men under the "castle doctrine," codified at Wis. Stat. § 939.48(1m). (*See* dkt. ## 6 and 10.) Respondent has since moved to dismiss Mouth's petition, contending that his claims are state-law issues not cognizable on federal habeas review and alternatively, that Mouth procedurally defaulted his claims by failing to fairly present them in the state courts. Along with his opposition brief, Mouth filed a motion for an evidentiary hearing. (Dkt. #30.) For the following reasons, this court will grant

---

[1] Because Mouth was transferred to Fox Lake Correctional Institution on December 22, 2023 (*see* dkt. #29), the court has revised the caption to reflect that Warden Michael Meisner is the proper respondent.

respondent's motion to dismiss the petition and deny Mouth's motion for an evidentiary hearing.

BACKGROUND[2]

Petitioner Sophea Mouth ran a vehicle repair shop on a property that his fiancé, Bophea So, attempted to purchase through a land contract.  However, So fell behind on payments and failed to redeem the default during the foreclosure's redemption period.  Sometime after this, the property owner's husband, TD, and another man, GSP, arrived at the property when Mouth was present.  While the facts surrounding that meeting were contested at trial, it is undisputed that Mouth retrieved a handgun and shot both men, killing TD and severely injuring GSP.  The State charged Mouth with first-degree intentional homicide and attempted first-degree intentional homicide, both while using a dangerous weapon, in Dane County Case No. 2015CF2486.

At trial, Mouth argued that he had acted in self-defense because he had a bum leg and felt backed into a corner by TD and GSP.  The circuit court instructed the jury on perfect and imperfect self-defense under Wisconsin law, but denied Mouth's request to further instruct the jury as follows:

1. Wisconsin property law required the property owner to obtain a writ of assistance issued by the court overseeing the foreclosure action to evict So and Mouth from the business premises.

2. Because Wisconsin's castle doctrine provides that there is no duty to retreat, the jury may not consider evidence relating to whether Mouth had an opportunity

---

[2] The court takes the following facts from the petition, publicly available state court records, and the state court of appeals' decision affirming Mouth's convictions, *State v. Mouth*, 2019 WI App 39, ¶ 1, 388 Wis. 2d 257, 932 N.W.2d 188 (unpublished opinion), *rev. denied*, 2019 WI 104, ¶ 1, 389 Wis. 2d 242, 936 N.W.2d 820 (dkt. #17-4).  The court will address additional facts in the body of this opinion as they become relevant to its analysis.

> to flee or retreat in deciding whether he acted in self-defense.  *See* Wis JI—
> Criminal 805A (2018); Wis. Stat. § 939.48(1m).

The circuit court reasoned that the property law instruction was irrelevant and potentially misleading because the elements of homicide and self-defense are the same, regardless of whether the property owner (or her agent) was violating state eviction law.  The circuit court further held that TD had the right, and possibly a duty, to check on the property as the property owner's agent during the foreclosure redemption period, meaning the castle doctrine did not apply because TD and GSP were not in the process of unlawfully and forcibly entering Mouth's place of business.

The jury convicted Mouth on the lesser-included offenses of second-degree intentional homicide and attempted second-degree homicide, accepting Mouth's affirmative defense of unnecessary defensive force (imperfect self-defense) under Wis. Stat. § 940.01(2)(b).  The circuit court sentenced Mouth to 25 years in prison followed by 15 years extended supervision for the homicide, to be served concurrently with 20 years in prison followed by 10 years extended supervision for attempted homicide.

On direct appeal on August 29, 2018, Mouth, through counsel, argued in relevant part that the trial court erred by not accepting his proposed jury instructions concerning Wisconsin's eviction law and castle doctrine.[3]  (*See* dkt. #17-2, at 14-20.)  The court of appeals

---

[3] Mouth additionally argued on appeal that the trial court erred in denying his request to allow himself to demonstrate his impaired walking ability to the jury and that he was entitled to a new trial in the interest of justice.  (*See* dkt. #17-2, at 20-24.)  However, Mouth did not include these arguments in his petition for review in the Wisconsin Supreme Court, (*see* dkt. #17-5), and was not allowed to proceed on any claim related to these issues in this court (*see* dkt. ##6 and 10).  Mouth also suggests for the first time in his brief in support of his petition that the trial court erred by excluding evidence of TD's "violent criminal history."  (Dkt. #3, at 8-9.)  Because Mouth has not properly raised these additional issues, the court will not consider them.  In any event, any such challenges would be precluded for the same reasons as the claims on which he has been allowed to proceed.

affirmed Mouth's convictions, concluding that there was no ground on which to reverse the circuit court's conclusion that the property law instruction was irrelevant and agreeing that there was no evidence to support a finding of unlawful entry to support a castle doctrine instruction. (*See* dkt. #17-4, at ¶¶ 12-14 and 19-20.) Mouth's subsequent, unsuccessful petition for review in the Wisconsin Supreme Court, presented only two issues: (1) "[d]id the trial court err in ruling that Mr. Mouth could not invoke the 'castle doctrine' as a defense"; and (2) "[d]id the trial court err in excluding the requested [d]efense [j]ury [i]nstruction that self-help evictions are prohibited by Wisconsin law?" (Dkt. #17-5.)

OPINION

Respondent moves for dismissal of Mouth's claims on two grounds, which the court will address separately.

### A.  No Federal Right at Issue

Generally, errors of state law are not cognizable on habeas review, *see, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), as "[t]he remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene," *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004); *see also Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019) (petitioner must show that state court's decision was "unreasonable application of federal law—not a state court's resolution of a state law issue"). Here, the state appellate court's decision affirming the circuit court's denial of Mouth's proposed jury instructions was clearly based on a resolution of *state* law. *See Perruquet*, 390 F.3d at 511 (citing *McGuire*, 502 U.S. at 70-71) ("Because a state trial court's evidentiary rulings and jury instructions turn on

4

state law, these are matters that are usually beyond the scope of federal habeas review."). Specifically, the court of appeals analyzed the relevancy and applicability of Wis. Stat. § 939.48(1) (self-defense), § 939.48(1m)(ar) (castle doctrine), and § 940.01(2)(b) (unnecessary defensive force) to Mouth's defense, and further relied on the holding in *State v. Chew*, 2014 WI App 116, ¶ 1, 358 Wis. 2d 368, 856 N.W.2d 541, a state law case defining the meaning of "an unlawful and forcible intruder" for the purposes of the castle doctrine.  (*See* dkt. #17-4, at ¶¶ 14 and 16-20.)  Thus, the only way for this court to grant him habeas relief would be to overrule the court of appeals on a matter of state law, which this court has no authority to do. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law "binds a federal court sitting in habeas corpus"); *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions.").

Nonetheless, in some limited circumstances, a state court's jury instruction error may violate a defendant's due process right to a fundamentally fair trial under the Fourteenth Amendment where the state court committed "an error so serious as to render it likely that an innocent person was convicted." *Perruquet*, 390 F.3d at 510.  In addition, the United States Supreme Court has held that state evidentiary rules and procedures must yield to the defendant's due process right "to a meaningful opportunity to present a complete defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *see also McDonald v. City of Chicago*, 561 U.S. 742, 888 (2010) (Stevens, J., dissenting) ("[I]f a State were to try to . . . deny persons any ability to assert self-defense in response to criminal prosecution, that might pose a significant constitutional problem.").  Mouth cites this authority in support of his contention that the circuit court's refusal to grant his proposed jury instructions denied him his constitutional right to a complete defense.  However, the Supreme

Court has invoked this principle in non-capital cases only when the trial court has excluded evidence or the testimony of defense witnesses, not to limitations on a defendant's ability to present an affirmative defense. *Gilmore v. Taylor*, 508 U.S. 333, 343-44 (1993) (refusing to extend the right to present a defense to include the right to have the jury consider that defense); *Burris v. Smith*, 819 F.3d 1037, 1042 (7th Cir. 2016). Indeed, "the fact that [an] instruction [or lack thereof] may have precluded consideration of evidence relevant under state law does not mean that it violated the Constitution," because "an instruction that merely assigns little or no weight to one category of evidence does not shift the burden of proof." *Burris*, 819 F.3d at 1042.

As respondent argues, any error the circuit court may have made in failing to issue Mouth's proposed instructions to the jury was not so serious as to deprive Mouth of his right to present a defense, and certainly did not make it likely that an innocent person was convicted. Not only did the circuit court permit Mouth to argue that he acted in self-defense and instruct the jury on perfect and imperfect self-defense, it did not excuse the State from proving each element of the charged offenses, and disproving Mouth's defenses, beyond a reasonable doubt. *See Brown v. Jess*, 521 F. Supp. 3d 792, 800 (W.D. Wis. 2021), *aff'd sub nom. Brown v. Eplett*, 48 F.4th 543 (7th Cir. 2022) (habeas petitioner's contention that state court failed to give castle doctrine instruction was not constitutional claim because due process does not protect against errors of state law or guarantee criminal defendant right to present evidence regarding all possible state-law defenses). In fact, Mouth's defense here was at least partially successful in that the jury convicted him of the lesser-included offenses of second-degree homicide and attempted second-degree homicide.

6

Finally, as the circuit court and court of appeals reasonably concluded, instructing the jury on proper state eviction procedures and the castle doctrine would have made no difference in Mouth's defense.  With respect to eviction procedures, "any proof regarding whether [TD] was a 'wrongdoer' under property laws was irrelevant" to "whether Mouth subjectively or reasonably believed that lethal force was necessary to terminate an unlawful interference *with his person*."  (Dkt. #, at ¶ 14 (citing Wis. Stat. § 939.48(1) (self-defense definition) and § 940.01(2)(b) (unnecessary force definition).)  In addition, "regardless whether [TD] could lawfully direct Mouth to vacate the premises, there was no evidence to support a jury finding that TD had unlawfully entered the premises," as to warrant the castle doctrine instruction. (*Id.*, at ¶ 18.)

For all of these reasons, the trial court's discretionary decisions regarding the jury instructions did not deprive Mouth of a complete defense.  However, as explained below, even if the circuit court's failure to issue Mouth's requested jury instructions somehow implicated Mouth's due process rights under the Fourteenth Amendment, he procedurally defaulted his due process claim by failing to fairly present it in the Wisconsin state courts and show cause for that default.

## B. Procedural Default

Federal court review of a habeas petition is deferential and limited; it is not "a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).  Thus, before a federal court may review the petition's merits, a petitioner must:  (1) exhaust all remedies available in the state courts, and (2) fairly present any federal claims in state court first.  Otherwise, he risks procedural default, *see Chambers v.*

*McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001), which will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice from that default, or establish that denial of relief will result in a miscarriage of justice, *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

Respondent contends that Mouth failed to present a federal due process claim both on direct appeal in the Wisconsin Court of Appeals and in his petition for review by the Wisconsin Supreme Court, and he cannot return to the state courts to do so now. *See* Wis. Stat. § 808.10(1) (petition for review must be filed within 30 days of court of appeals' decision). To fairly present a claim in state court, a petitioner must "alert th[e] court to the federal nature of the claim." *Bolton v. Akpore*, 730 F.3d 685, 695 (7th Cir. 2013) (citation omitted). In making this determination, this court considers four factors: (1) "whether the petitioner relied on federal cases that engage in constitutional analysis"; (2) "whether the petitioner relied on state cases which apply a constitutional analysis to similar facts"; (3) "whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right"; and (4) "whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001).

With respect to the first two factors, a review of the record shows that Mouth did not rely on any federal or state cases that applied a due process analysis, instead citing Wisconsin cases interpreting the meaning and applicability of Wisconsin statutes related to eviction and the castle doctrine. Mouth also made clear that he was arguing an issue of state law by asserting that the trial court "erroneously exercised its discretion" when it

8

refused to provide his requested instructions.  (Dkt. #17-2, at 15.)  Similarly, Mouth did not frame his claim in terms so particular as to call to mind a due process violation, nor did he allege a pattern of facts well within the mainstream of constitutional litigation.  As discussed above, Mouth's substantive arguments in the state courts, and the state courts' subsequent rulings, are based solely on state law and contain no hint of a constitutional analysis of his rights under the Due Process Clause of the Fourteenth Amendment.  Indeed, given that challenges to jury instructions are generally not within the mainstream of constitutional litigation, *see Perruquet*, 390 F.3d at 514, the state appellate courts had no reason to believe that Mouth was trying to raise a constitutional claim.  Therefore, Mouth has procedurally defaulted his due process claim related to the jury instructions.  *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); *Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir. 1988) (discussing requirements of Wis. Stat. § 808.10 and instructing federal courts to "respect a state court's finding of waiver or procedural default under its own laws").

In addition, as respondent argues, to the extent that Mouth may now be trying to assert a constitutional claim based on the trial court's exclusion of evidence of (1) his attempts to demonstrate his gait to the jury, and (2) TD's "violent criminal history," (dkt. #3, at  6-11), he has procedurally defaulted those claims by not raising them in the state supreme court.

To overcome his default, Mouth now suggests that his appellate attorney was ineffective for not framing his claims as due process violations[4] either on direct appeal or

---

[4] The court presumes that Mouth also faults his appellate attorney for not raising in the petition for review any additional claim related to the trial court's denial of his request to demonstrate his disability or present evidence of TD's criminal history.

in his petition for review, both of which were required to preserve his claims.  (Dkt. #27, at 18-20.)  While ineffective assistance of counsel may "constitute cause to set aside a procedural bar," *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010), "[t]here is no federal constitutional right to the effective assistance of counsel in a discretionary appeal such as [a] petition for review to the Wisconsin Supreme Court; the constitutional right to counsel is guaranteed to a defendant only for trial and for the first appeal as of right." *Young v. Dittmann*, No. 14-CV-434, 2014 WL 6819348, at *2 (E.D. Wis. Dec. 2, 2014). Thus, even if not justified, appellate counsel's alleged ineffective assistance before the Wisconsin Supreme Court cannot excuse Mouth's procedural default.  And even if it could, an ineffective assistance claim "must be raised in state court before it can suffice on federal habeas relief as cause to excuse the default of another claim," *Whyte v. Winkleski*, 34 F.4th 617, 624 (7th Cir. 2022), which Mouth has not done.

### C.  Certificate of Appealability

The only remaining question on habeas review is whether to grant Mouth a certificate of appealability.  Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because this court finds that no

reasonable jurists would debate whether Mouth's claims are subject to federal habeas review, and alternatively, procedurally defaulted, no certificate of appealability will be issued. Of course, Mouth may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1) Respondent Michael Meisner's motion to dismiss (dkt. #16) is GRANTED, and petitioner Sophea Mouth's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2) Petitioner's motion for an evidentiary hearing (dkt. #30) is DENIED.

3) Petitioner is DENIED a certificate of appealability, although he may still seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 6th day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge